DAVENPORT (UNITED STATES v.). See Case No. 14,920.

---

## Case No. 3,590.

### DAVEY v. GLENS FALLS INS. CO.

[9 Ins. Law J. 497.]

Circuit Court, D. Minnesota. April 4, 1879.

FIRE INSURANCE—WAIVER OF CONDITIONS BY AGENTS—WAIVER BY CONDUCT.

1. Agents of foreign companies who make contracts on behalf of the companies may waive conditions contained in the policies: it is within the apparent scope of their authority and binding on the company unless the insured is informed of their limitations.

2. Such an agent may dispense with a condition requiring the consent of the company to

---
[1] [Affirmed in Case No. 12,577.]

be endorsed in case of non-occupancy, by acts amounting to a waiver, as he may endorse such consent.

3. But mere knowledge of the agent, and his failure to cancel the policy or inform the company, does not amount to a waiver.

Motion [by Margaret, Frank, and Agnes Davey, by Catherine Shehan, their guardian ad litem] for judgment upon special verdict.

Davis, O'Brien & Wilson, for plaintiffs.
Bigelow, Flandrau & Clark, for defendant.

NELSON, Circuit Justice. The special verdict finds the agent of the defendant company also had charge of the property insured, as the agent of the owners; that the house was occupied when the policy was written; also that the agent and the guardian of the plaintiffs, the mother of the minors, knew that the house had become vacant and remained so up to the fire, January 1, 1877, but no request was made by the guardian, or any one on behalf of the owners, upon the company or its agent, to waive a condition which declared the policy void if the premises became vacant. The following is the condition in the policy: * * * "If the above mentioned building * * * shall become vacant or unoccupied without consent of the company endorsed hereon, then and in every such case this policy shall cease and be void." No consent was endorsed upon the policy, waiving this condition. The agent of the company could waive this condition, and if his consent had been obtained that the building might remain unoccupied, it would have bound the company, although not endorsed upon the policy. The agents of foreign insurance companies, who make contracts on behalf of the companies, can dispense with conditions contained therein. It is within the scope of their apparent powers and obligatory upon the company, unless the insured is informed of their limitation.

As the agent could have indorsed consent upon the policy, waiving this condition, he may, by acts which amount to such waiver, dispense with conditions and with the requirement that such waiver shall be endorsed on the policy. The difficulty with this case is that the proof fails to establish any waiver by the agent. He knew the building insured was vacant, and did not cancel the policy or inform the company until after the fire, yet the company is not thereby precluded from taking advantage of the stipulation in the contract. It was necessary for the plaintiffs to prove that the defendant, by its agent, dispensed with this condition, and proof that the policy was not cancelled after knowledge by the agent that the building was vacant is not sufficient evidence of a waiver, and none can be implied. See Wood, Ins. c. 2, § 89. Judgment ordered for defendant.